IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN KURT BAUGHMAN, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3936 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Steven Kurt Baughman, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging a prison disciplinary conviction for threatening to inflict harm on an officer.[1] Respondent filed a motion for summary judgment (Docket Entry No. 21), to which petitioner responded (Docket Entry No. 23).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action for the reasons that follow.

### I. BACKGROUND AND CLAIMS

Petitioner was found guilty in a disciplinary proceeding of threatening to inflict harm on the charging officer, Ryan Garrett.

---

[1]This case was reassigned to the undersigned judge on February 24, 2009, pursuant to General Order No. 2009-03.

As shown by the pleadings, disciplinary hearing report, and audiotape of the hearing, petitioner and Garrett presented sharply contrasting accounts of the underlying event. Garrett testified that, on April 26, 2007, while he was supervising kitchen workers, petitioner told Garrett that he needed to stop harassing him or he would "get the Major on him." Garrett told petitioner to go to the chow hall, as Garrett did not want to get into an argument. Petitioner then told Garrett that he would "pull [Garrett] into the dishroom and beat the fuck out of [him] then break [his] fucking neck and shit down [his] throat." Garrett closed the kitchen door and called for a supervisor.

Petitioner, in recounting his version of the episode, denied threatening Garrett, and testified that Garrett gave him the disciplinary charge because he told Garrett that he would report his harassment to Major Blanton. Petitioner admits that he told Garrett, "[The Major's] already chewed your rear end out once. I'm going back to him again." (Docket Entry No. 23, p. 5.) Petitioner presented an affidavit of an eyewitness inmate, who testified that petitioner had not threatened or disrespected Garrett; a stipulation was made that a second inmate would have stated the same. Garrett testified that petitioner had filed prior grievances against him, but that this was the first disciplinary charge Garrett had brought against petitioner.

The disciplinary hearing officer found petitioner guilty of the disciplinary charge based on Garrett's report and the hearing testimony. Petitioner was punished with fifteen days in solitary confinement, a reduction in line class, the loss of one hundred days good

2

time credit, a forty-five day cell restriction, and a forty-five day loss of commissary privileges. Petitioner's administrative disciplinary appeals were denied.

Petitioner complains in the instant petition that he was denied due process because (1) the evidence was insufficient to support the conviction; (2) the disciplinary hearing officer was biased, refused to hear his retaliation defense, and refused to call witnesses or allow certain documentation into the record; and (3) Garrett filed the disciplinary charge in retaliation for the grievances petitioner lodged against him.

## II. STANDARD OF REVIEW

The Fifth Circuit recognizes that, as a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to

the non-movant, and all reasonable doubts must be resolved against the moving party. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23.

### III. MOOTNESS

The Court, *sua sponte*, takes judicial notice that petitioner was released to mandatory supervised release in December of 2008, and that this instant habeas proceeding has become moot. However, as the parties have not been provided an opportunity to brief the issue of mootness, the Court will address the merits of the pending motion for summary judgment in the interest of justice.

### IV. ANALYSIS

Petitioner seeks federal habeas relief from a prison disciplinary conviction. In the context of a disciplinary hearing, a prisoner's rights, if any, are governed by the due process

4

clause of the Fourteenth Amendment to the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to due process only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995).

Sanctions imposed as limitations on commissary or recreational privileges, and the imposition of cell restrictions, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life, and do not give rise to due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Fifth Circuit also recognizes that reductions in a prisoner's class status and its potential impact on good time credit earning ability are not protected by the due process clause. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Because a protected liberty interest is not implicated by these particular sanctions, petitioner here is not entitled to habeas relief from these forms of punishment.

On the other hand, disciplinary sanctions that either result in loss of good time credit for inmates who are eligible for mandatory supervised release, or directly and adversely affect a mandatory supervised release, will impose upon a protected liberty interest. Texas inmates who are eligible for mandatory supervised release have a protected liberty interest in accrued good time credit. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007). Because petitioner in the instant case was eligible for mandatory supervised release,

he had a protected liberty interest in his accrued good time credit, and a revocation of those credits must have complied with the minimum amount of procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985). Accordingly, this Court must determine whether plaintiff's due process rights were violated as to the disciplinary hearing proceeding.

### A. Insufficiency of the Evidence

Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only "some evidence" to support the findings made in the disciplinary hearing. *Hill*, 472 U.S. at 457. An examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence is not required. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary hearing officer. *Id.* at 455. Determining the credibility of witnesses presented at the hearing is within the discretion of the hearing officer. *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 537.

Although petitioner argues here that his conviction was the result of false testimony from the charging officer, the fact that the conviction was based on testimony from the charging officer demonstrates there was some evidence to support the conviction. Petitioner admits the existence of "some evidence" to support the conviction, but contends that the

6

evidence was fabricated and motivated by retaliation. Petitioner's disagreement with the veracity of the supporting evidence does not provide him grounds for habeas relief. For purposes of this Court's narrow sufficiency review, Garrett's testimony and report constitute "some evidence" in the record supporting the disciplinary conviction, and habeas relief is unwarranted.

B.   <u>Denial of Due Process at the Hearing</u>

Unlike a defendant in a criminal trial, a prisoner in a disciplinary proceeding has limited due process rights. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). These rights are met when the prison officials (1) provide advance written notice of at least twenty-four hours to the prisoner; (2) issue a written statement of the fact finders as to evidence relied upon and their reasons for the action; and (3) offer the prisoner an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals. *Id.* at 563-68; *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

In the instant case, the record shows, and petitioner does not dispute, that he received the required 24-hour notice and that the disciplinary hearing officer issued a written statement of his decision and findings. Rather, petitioner complains that he was denied his right to present evidence and call witnesses in his defense at the hearing.

A prisoner's right to call witnesses and present evidence at a disciplinary hearing is not unlimited. Prison officials have necessary discretion to keep the hearing within

7

reasonable limits and to disallow witnesses that may create a risk of reprisal or undermine authority, as well as limit access to other inmates. *Smith v. Rabalais*, 659 F.2d 539, 543-44 (5th Cir. 1981). In the instant case, petitioner claims that his pre-hearing detention prevented him from obtaining witness statements; his argument, however, is refuted by the record. Petitioner was assigned counsel substitute, who visited him the day petitioner was placed in pre-hearing detention. The counsel substitute informed petitioner of his right to call witnesses and present documentary evidence. The disciplinary hearing audiotape reveals that, rather than availing himself of counsel's services and availability to obtain the witness statements, petitioner chose to make his request to the warden and the disciplinary hearing officer the day of the hearing. When asked why he did not use the seven days prior to the hearing to prepare himself, petitioner had no answer other than to state that he had not yet heard from the warden. The disciplinary hearing officer then explained to petitioner, in detail and on the record, why he was denying petitioner's untimely request for a continuance to obtain the witness statement. The officer allowed petitioner to read into the record a witness statement from one inmate, and allowed a stipulation as to the hypothetical testimony of a second inmate. The record clearly shows that petitioner had ample time, opportunity, and ability to obtain witness statements through counsel substitute. His failure or refusal to utilize the services of his counsel substitute does not constitute a denial of his right to present witnesses or evidence in his defense.

8

In a second due process argument, petitioner asserts that the disciplinary hearing officer was "biased" against him because he refused to listen to petitioner's claim that the disciplinary charge was retaliation by Garrett. This argument also is refuted by the hearing audiotape, which shows that petitioner was allowed to address this claim and was asked follow-up questions by the disciplinary hearing officer. No valid grounds for habeas relief are shown.

C. Retaliatory Filing of Disciplinary Charge

Petitioner seeks reversal of his disciplinary conviction on grounds that Garrett filed the disciplinary charges in retaliation for the grievances petitioner brought against him. To state a retaliation claim, petitioner must allege (1) a specific constitutional right, (2) Garrett's intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *See Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). The burden placed on petitioner to demonstrate a valid retaliation claim is "significant," and conclusionary allegations of retaliation are insufficient. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). To demonstrate causation, petitioner must show that, but for a retaliatory motive, the disciplinary charge would not have been filed. *See Hart*, 343 F.3d at 764. The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred. *Id.*

In the instant case, petitioner alleges that he filed "numerous grievances" against Garrett for the officer's "fourteen month campaign of harassment and retaliation" against

9

him, and that Garrett filed the disciplinary charge in retaliation for those grievances. Petitioner presents, however, only one grievance filed against Garrett, dated over a year before the instant disciplinary action. In that unsuccessful grievance, #2006085505, petitioner complained that Garrett drank petitioner's carton of milk. All other complaints and grievances referenced by petitioner concerned events alleged to have occurred *after* the disciplinary charge was filed, or involved individuals other than petitioner and Garrett.

Although petitioner's chronology of events asserts numerous instances of unprofessional conduct on the part of Garrett, petitioner establishes neither motivation nor causation under *Hart* and *Woods*, and no retaliation is shown.

## V. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 21) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 27th day of March, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE